United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 14, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-70015

JERMAINE HERRON,

Petitioner-Appellant,

versus

DOUG DRETKE, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(04-CV-02)
--------------------

## ORDER DENYING APPELLEE'S PETITION FOR A CERTIFICATE OF APPEALABILITY

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Petitioner Jermaine Herron seeks a certificate of appealability ("COA") on eight issues that the district court deemed unworthy of review. The district court denied Herron's 28 U.S.C. § 2254 habeas petition and, <u>sua sponte</u>, denied any petition for a COA. The district court held that clear, binding precedent

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

foreclosed review of Herron's claims and that many of his claims were barred by the doctrine in Teague v. Lane.[1]

We note at the outset of our review under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) that, as a court of appeals, our consideration is limited "to a threshold inquiry into the underlying merit of [Petitioner's] claims."[2] We are to analyze only "an overview of the claims in the habeas petition and [make] a general assessment of their merits. ... This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it."[3] After conducting such a limited review, we conclude that Herron is not entitled to a COA on any issue because he has failed to make a "substantial showing of the denial of a constitutional right."[4] He has not demonstrated "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that ... the issues presented are adequate to deserve encouragement to proceed further."[5]

---

[1] 489 U.S. 288 (1989). In Teague, the Supreme Court held that we may not premise habeas relief on a new rule of constitutional law that is not clearly established at the time petitioner's conviction became final. 489 U.S. at 310-12.

[2] Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack v. McDaniel, 529 U.S. 473, 481 (2000)).

[3] Id. at 336.

[4] 28 U.S.C. § 2253(c)(B)(2).

[5] Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484).

Here, the briefs, the record on appeal, and in particular the district court's well-articulated decision, support denial of a COA. Although we typically issue more lengthy and detailed opinions in death penalty cases, the district court here wrote a thoroughly detailed and well-reasoned 56-page opinion and order denying Herron's petition for habeas relief and a COA. Were we to write more extensively than we do, we would be exalting formalism and scrupulosity over substance and judicial economy, adding nothing but repetition and doing nothing more than filling innumerable pages with synonyms and paraphrases. In this exceptional case, therefore, we decline to do so and simply deny Herron's petition for the reasons well and fully explicated in the district court's writing.

PETITION DENIED.